IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-CR-00274-LGW-BWC |
| | : |
| PABLO RANGEL-RUBIO (1), | : |
| JUAN RANGEL-RUBIO (2), and | : |
| HIGINIO PEREZ-BRAVO (3), | : |
| | : |
| Defendants. | : |

**PRELIMINARY/PROTECTIVE MOTION TO DISMISS INDICTMENT AND TO STAY ANY FURTHER ACTIONS IN THIS CASE UNTIL THERE HAS BEEN SUBSTANTIAL COMPLIANCE WITH THE JURY SELECTION AND SERVICE ACT OF 1968**

Defendant Higinio Perez-Bravo, by and through undersigned counsel and on behalf of all Defendants in this case, files this Preliminary/Protective Motion to Dismiss Indictment and to Stay any Further Actions in this Case Until There has Been Substantial Compliance with the Jury Selection and Service Act of 1968.

-1-

28 U.S.C. §§ 1867(a) and (d) provide that in any criminal case a defendant may move to dismiss an indictment and to stay any further action against him, if there has been a "substantial failure to comply" with the provisions of the Jury Selection and Service Act of 1968 (the "Act"), 28 U.S.C. § 1861, et. seq., in selecting the grand jury which indicted him or the petit jury to try his case, until such time as the failures have been corrected.

-2-

However, a defendant would not typically know whether there has been a substantial failure to comply with the Act without first having the opportunity to review and inspect the relevant jury records maintained by the Clerk of the Court regarding grand jury and petit jury selection procedures.

-3-

In addition, 28 U.S.C. §1867(f) provides for the "unqualified" right of a defendant to inspect and copy if necessary "records or papers used by the jury commissioner or clerk in connection with the jury selection process for the purpose of determining whether there exists the possibility of a meritorious challenge to the jury selection procedures." See, Test v. United States, 430 U.S. 28, 30 (1975).

-4-

In light of the above, on March 13, 2020, Defendant filed Defendant Higinio Perez-Bravo's Motion for Access to Jury Selection Records and Materials (Doc. 274), asking the Court to enter an order requiring the Clerk to provide to counsel for the Defendants jury selection records and materials maintained by the jury clerk relevant to an inquiry as to whether the jury selection and summoning procedures in this District were in compliance with statutory and constitutional requirements.

-5-

On May 14, 2020, the Government filed United States' Response to Defendant Higinio Perez-Bravo's Motion for Access to Jury Selection Records (Doc. 325) and

on May 27, 2020, counsel for the Defendant in response filed Defendant Perez Bravo's Reply to Government's Response to Defendant's Motion for Access to Jury Selection Records and Materials (Doc. 327).

-6-

As of the date of this motion the Court has not yet ruled upon the Defendants' request for access to necessary jury selection records and materials maintained by the Clerk of Court in order to determine whether or not there is any basis to challenge the procedures of the Clerk, and if so, what constitutional or statutory bases there may be for such a challenge.

-7-

Accordingly, in order to protect the Defendants' rights given the upcoming deadline for filing pretrial motions, counsel files on behalf of all Defendants this protective motion given the above circumstances and ask the Court to allow the defense to perfect any jury challenge motion available once the necessary records and materials have been provided and a reasonable time allowed to investigate and consider those records.

-8-

It is counsel's experience in challenges to jury selection procedures in other districts that the sole reliance upon voting records for the names of potential jurors, as here, can result in an underrespresentation of certain groups, typically minority groups, whose voter registration percentages underrepresent the specific group. This

can constitute a constitutional violation, as well as a violation of the Act, which requires that a source list that underrepresents the community should be supplemented when necessary to make the jury selection system truly representative of the community. 28 U.S.C. § 1863(b)(2).

-9-

Another issue unique to our current circumstances is the impact of the corona virus and pandemic on the ability or willingness of jurors summoned actually to appear for jury service. This may not be an issue for the grand jury which returned the Indictment on December 7, 2018 (Doc. 2), but it is certainly a prospect for any trial in the near future. Of particular concern is whether older jurors or minority jurors who are particularly susceptible to severe consequences to contracting the virus would be understandably unable or unwilling to respond to jury summons.

-10-

The CDC (Centers for Disease Control and Prevention) released a report titled "COVID-19 Hospitalization and Death by Race/Ethnicity" on September 18th, 2020. In that report the CDC determined that the rate of known Covid-19 infection for African-American persons is 2.6 times the rate for White persons. The rate for American Indian or Alaska Native persons is 2.8 times higher, for Asian persons the rate is 1.1 times higher, and for Hispanic or Latino persons the rate is 2.8 times higher than for White persons. Also note that the differential rates for Covid-19 hospitalizations are much higher. The hospitalization rate for African-American

persons is 4.7 times higher than for White persons. The hospitalization rate for American Indian or Alaska Native persons is 5.3 times higher, for Asian persons is 1.3 times higher, and for Hispanic or Latino persons is 4.6 times higher than for White persons. These differential rates likely will have an effect on the representativeness of juries.

-11-

One additional issue is because any trial would have to occur after the 2020 election, the Clerk may be in the process of creating new jury wheel which would apply to any petit jury in this case.

-12-

For all these reasons, the Court should allow counsel additional time first to obtain the necessary records, but also to investigate and consider other unique issues which may be applicable to this case.

WHEREFORE, counsel for the Defendants respectfully request that the Court consider this Motion and allow the defense adequate time after the disclosure of the necessary jury selection records and materials and consideration of any new jury wheels created after the 2020 election before requiring that the Defendants perfect any motion in this case challenging the grand jury or any future petit jury.

[signatures on next page]

This 19th day of October, 2020.

        Respectfully submitted,

        s/*John R. Martin*  
        John R. Martin, Ga. Bar No. 473325  
        Martin Brothers, P.C.  
        1099 St. Louis Pl  
        Atlanta, GA 30306  
        404-433-7446  
        Email: jack@martinbroslaw.com

        s/*Bobby Phillips*  
        Robert P. Phillips, Ga. Bar No. 576700  
        420 W. Broughton Street  
        Savannah, GA  31401  
        912-232-0081  
        Fax: 877-232-9070  
        Email: BPLaw@msn.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed an exact copy of the foregoing **PRELIMINARY/PROTECTIVE MOTION TO DISMISS INDICTMENT AND TO STAY ANY FURTHER ACTIONS IN THIS CASE UNTIL THERE HAS BEEN SUBSTANTIAL COMPLIANCE WITH THE JURY SELECTION AND SERVICE ACT OF 1968** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

This 19th day of October, 2020.

                                            *s/John R. Martin*
                                            John R. Martin