IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:18-cr-274 |
| HIGINIO PEREZ-BRAVO | |

**O R D E R**

This matter is before the Court on the Government's Motions in Limine, docs. 549, 558, 562, and Defendant's Motion in Limine, doc. 584. Defendant responded in opposition to the Government's First Motion in Limine. Doc. 557. Defendant indicated he did not oppose the remaining Motions. Doc. 594. The Government responded in opposition to Defendant's Motion. Doc. 588. For the reasons stated below, I **GRANT** the Government's Motions and **DENY** Defendant's Motion.

BACKGROUND

Defendant has been charged with conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958(a). Doc. 2. Defendant was indicted alongside two co-Defendants, Pablo Rangel-Rubio and Juan Rangel-Rubio, who faced additional charges. Id. On December 14, 2021, the Court granted the Government's Motion to Sever Defendant's trial from his co-Defendants. Doc. 521. Trial of Defendant is set to begin on April 12, 2022.

**DISCUSSION**

I. **Government's Motions in Limine**

In the Motions before the Court, the Government seeks the following rulings:

1. Defendant should be precluded from offering any evidence to the jury concerning justification without an initial threshold showing.

2. Defendant should be precluded from offering any evidence of a mental disease or defect.

3. Defendant should be precluded from calling certain expert witnesses, Dr. Robert Leonard and Dr. Adriana Flores.

4. Defendant and his counsel should be precluded from presenting evidence or argument relating to his potential sentence.

5. Defendant should be precluded from offering undisclosed evidence subject to reciprocal discovery.

6. Defendant should be precluded from lodging authentication objections to self-authenticating evidence.

7. Defendant should be precluded form presenting evidence or argument alluding to the dispositions his co-Defendants' charges.

8. Defendant should be precluded from referencing a statement made by a non-testifying agent.

9. Defendant should be directed to provide any challenges to the accuracy of the English transcript of Defendant's recorded interview prior to the pretrial conference.

10. Defendant should be precluded from lodging authentication objections to self-authenticating evidence, including after the pretrial conference.

Docs. 549, 558, 562. Defendant opposes only the Government's requested ruling #1 (concerning justification); Defendant does not oppose the others. See Docs. 557, 594. Accordingly, the Court **GRANTS as unopposed** the Government's Motions in Limine as to requested rulings #2 through #10.

Regarding requested ruling #1, the Government asks the Court to preclude Defendant from offering evidence related to the defense of justification "unless and until he proffers

2

(outside of the presence of the jury) evidence sufficient to establish all four prongs of the justification defense." Doc. 549 at 1.  In response, Defendant states he has pleaded not guilty and he does not admit to taking part in a conspiracy to commit murder.  Doc. 557 at 2.  Defendant further states a justification defense—and presumably the presentation of evidence and argument related to the defense—would only be appropriate if he first admitted he committed the crime charged.  Id.

Defendant does not dispute that he should be required to make a preliminary proffer outside of the presence of the jury before he presents evidence or argument related to a defense of justification.  Rather, Defendant indicates he does not anticipate (at least, not at this time) offering a defense of justification.  Therefore, the Court **GRANTS** the Government's Motion.  Defendant shall not present any evidence or argument related to a defense of justification.  However, if Defendant does seek to assert a defense of justification at trial, or seeks to present evidence or argument related to such a defense, before doing so, Defendant must inform the presiding District Judge of his intent, and he must communicate that intent outside of the presence of the jury.  Then, Defendant shall be required to make an adequate threshold showing by proffer outside of the presence of the jury.

## II.     Defendant's Motion in Limine

Defendant seeks two pre-trial rulings, namely that the Government be precluded from presenting evidence and argument related to: (1) Defendant's unlawful residency status; and (2) Defendant's alleged non-payment of income taxes.  Doc. 584.  The Government opposes both requests.[1]  Doc. 588.

---

[1] The Government opposes Defendant's Motion on the merits and because Defendant's Motion was not timely filed.  As explained below, Defendant's Motion is due to be denied on the merits.  But the Government is also correct that Defendant's Motion is untimely.  The deadline for such motions was

3

A.  **Evidence of Residency Status**

Defendant argues the prosecution should not be allowed to present evidence and argument about Defendant's unlawful residency status because it has no bearing on the nature of the crime for which he is charged.  Doc. 584 at 1.  Defendant argues that despite his current status as an undocumented immigrant he would be eligible under the Immigration and Nationality Act to seek permanent residency, should he be acquitted.  Id.  Defendant argues such evidence would be highly prejudicial and would greatly outweigh any probative value.  Id.

In response, the Government argues Defendant's status as an illegal immigrant is a key part of the conspiracy with which he is charged, and notes the Indictment (which was filed nearly four years ago) describes Defendant's status as an illegal alien.  Doc. 588 at 3, 4 (citing Doc. 2 at 3).  More specifically, the Government contends Defendant's unlawful residency status is relevant to why the leader of the conspiracy asked Defendant to join the conspiracy and to Defendant's own motive for joining the conspiracy.  Id.  The Government argues the Motion should be denied for these reasons.

1.  *Relevance*

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  The relevancy standard is a low bar.  United States v. Chukwu, 842 F. App'x 314, 319 (11th Cir. 2021) (citing United States v. Tinoco, 304 F.3d 1088 (11th Cir. 2002)).  Defendant argues his immigration status is irrelevant to the crime for which he is on trial.  Defendant's argument is unpersuasive.  Defendant is charged with conspiracy to commit murder-

---

March 14, 2022.  Doc. 532 at 2.  Defendant's filed his Motion on March 27, 2022.  Doc. 584.  Defendant offers no excuse or explanation for the untimely submission.  Defendant's failure to comply with Court-ordered deadlines provides an additional reason for denial of the Motion.

for-hire, and Defendant's immigration status may explain why the Rangel-Rubios selected him to join the conspiracy and why Defendant agreed to help the Rangel-Rubios. As a result, evidence of Defendant's residency status would tend to make his participation in the alleged conspiracy more or less probable.

### 2. *Unfair Prejudice*

Even relevant evidence can be excluded if the danger of unfair prejudice outweighs its probative value. Fed. R. Evid. 403. "Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Id. Defendant argues his residency status would be highly prejudicial, and such prejudice would substantially outweigh any evidentiary value provided by the disclosure of his status. Doc. 584 at 1. Defendant does not specify how his residency status would be prejudicial. Id.

While all evidence carries a risk of prejudice, a district court should only exclude relevant evidence if "the probative value is *substantially* outweighed by a danger of . . . *unfair* prejudice. Fed. R. Evid. 403 (emphases added). Ostensibly, Defendant believes any reference to his unlawful residency status would constitute significant unfair prejudice. Defendant has not offered any support for his theory, aside from conclusory statements. In contrast, the evidence is probative of his conspirator's motivation for selecting Defendant to join the conspiracy and Defendant's own motivations. Even if the Court were to presume evidence of Defendant's unlawful status would generate some unfair prejudice, Defendant has done nothing to show that prejudice would substantially outweigh the probative value of the evidence. For these reasons,

the Court **DENIES** Defendant's Motion in Limine to exclude evidence of his unlawful residency status.

### B. Evidence of Non-Payment of Taxes

The Government alleges Defendant was paid approximately $20,000 for his role in the conspiracy. It appears Defendant may argue the payment was for legitimate work. The Government states it intends to present evidence and argument showing Defendant did not report or pay income taxes on the $20,000 payment, which shows the payment was for an illicit purpose and not for legitimate work.

Defendant asks the Court to preclude the Government from presenting any evidence or argument related to Defendant's failure to pay taxes on the $20,000 payment. Doc. 584 at 2. Defendant argues the evidence has little probative value since non-payment of income taxes is irrelevant to the charges in this case. Id. Furthermore, Defendant has not been charged or convicted of such an offense. Id. Thus, the evidence would be extremely prejudicial and of little probative value. Id. In response, the Government argues Defendant's treatment of the payments made to him by his co-conspirator bears directly on whether such payments were for illicit purposes. Doc. 588 at 5.

#### 1. *Relevance*

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The relevancy standard is a low bar. Chukwu, 842 F. App'x at 319. Defendant argues his alleged non-payment of income taxes is irrelevant to the charges in this case. Doc. 584 at 2. This argument is unconvincing. Defendant's failure to report payments from his co-Defendant to the tax authorities or to pay taxes on the payments does tend to show

whether the payment was for a legitimate or illicit purpose, which, in turn, tends to make Defendant's alleged participation in the conspiracy more or less probable. Thus, the evidence is relevant.

### 2. *Unfair Prejudice*

Even relevant evidence can be excluded if the danger of unfair prejudice outweighs its probative value. Fed. R. Evid. 403. "Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Id. Defendant argues evidence of nonpayment of income taxes is misconduct for which Defendant has not been charged or convicted, which would be extremely prejudicial if admitted. Doc. 584 at 2. In its response, the Government focuses only on the potential probative value of this evidence, which it describes as "highly relevant," and does not address any potential unfair prejudice. Doc. 588 at 4, 5.

As with evidence and argument concerning Defendant's residency status, Defendant fails show unfair prejudice arising from evidence related to the $20,000 payment would substantially outweigh its probative value See Fed. R. Evid. 403. Aside from characterizing the evidence as "extremely prejudicial," Defendant offers no specific reason why this particular evidence would be unfairly prejudicial. Presumably, Defendant believes a jury would view his tax avoidance with some extreme disdain. Defendant fails to explain why this would be so. Even if the Court were to assume evidence of tax avoidance could generate some unfair prejudice—in that the jury would construe such evidence as blameworthy—Defendant has done nothing to show such unfair

prejudice would substantially outweigh the probative value of evidence.[2]  For these reasons, I **DENY** Defendant's Motion in Limine as to evidence and argument related to the alleged non-payment of taxes on the $20,000 payment.

## CONCLUSION

For the reasons stated above, I **GRANT** the Government's Motions in Limine and **DENY** Defendant's Motion in Limine.  Defendant is precluded from:

1. Presenting evidence and argument concerning justification without making an initial threshold showing outside the presence of the jury.

2. Presenting evidence and argument evidence of a mental disease or defect.

3. Presenting evidence from expert witnesses, Dr. Robert Leonard and Dr. Adriana Flores.

4. Presenting evidence and argument relating to his potential sentence.

5. Presenting undisclosed evidence that was subject to reciprocal discovery.

6. Raising authentication objections to the Government's self-authenticating evidence.

7. Presenting evidence and argument alluding to the dispositions his co-Defendants' charges.

8. Referencing a statement made by the non-testifying agent, as described in the Government's Motion in Limine.

9. Raising any challenges to the accuracy of the English transcript of Defendant's recording interview, given that the pretrial conference in this matter has now occurred.

Because I have denied Defendant's Motion in Limine, the Government is not precluded from presenting evidence and argument related to Defendant's unlawful residency status or

---

[2]  To the extent Defendant is concerned jurors may confuse the issues of tax evasion and the conspiracy crime with which he is currently charged, Defendant may seek a limiting instruction at trial.  It is premature at this time to address such an instruction, given that it is unclear how the evidence will be presented, if at all.

Defendant's failure to report and pay taxes on the $20,000 payment he received from his co-Defendant.

**SO ORDERED**, this 7th day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA